IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Brunson, | ) | C/A No.: 3:12-cv-812-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Thomas E. O'Neill and David Thomas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff, Ronald Brunson, brings this civil action against two federal officials. In his Complaint, Plaintiff alleges that the defendants, two individual FBI employees/officials in the Columbia, South Carolina headquarters, owe him forty-two million dollars because they did not personally respond to a Federal Tort Claims Act ("FTCA") administrative claim form. (ECF No. 1). Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the plaintiff's complaint should be summarily dismissed without service of process pursuant to 28 U.S.C. § 1915. The Magistrate Judge further recommends that this court issue a clear warning to Plaintiff that he will subject

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

himself to the entry of sanctions by the court if he continues to submit the type of frivolous cases based on delusional allegations against these defendants or others that he has been submitting in recent years.  The Report sets forth in detail the relevant facts and standards of law on these matters.  Though the Report does not go into great detail regarding the numerous cases that this Plaintiff has filed, this court notes that Plaintiff has filed fifteen cases with this court—all of which have been dismissed, and many of which were found to be frivolous complaints.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 13, 2012.  Rather than filing objections to the Magistrate Judge's Report and Recommendation, the plaintiff filed a letter with the court on July 9, 2012.  (ECF No. 17).  In the letter, the Plaintiff asks this court to postpone the dismissal of his case until an attorney can prepare documents.  It is unclear if he is asking this court to appoint an attorney for him in this matter.

This court declines to stay the dismissal of this case and further declines to appoint an attorney to represent the Plaintiff in these frivolous claims.  Because Plaintiff does not raise any cognizable objections to the Report and Recommendation in his letter, it cannot serve as Objections to the Report and Recommendation.  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to given any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation

fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this action is dismissed with prejudice and without issuance and service of process.

This court cautions Mr. Brunson that if he continues to file complaints with this court claiming that these defendants or others have injured him as described in this Complaint and that he is entitled to forty-two million dollar as a result of such injury, this court will impose sanctions against Mr. Brunson. Specifically, this court will require Mr. Brunson to pay the full filing fee prior to filing any cases with this court.

IT IS SO ORDERED.

July 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge